IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| **PRECIGEN, INC., ET AL,** * | |
| Plaintiffs, * | |
| v. * | Case No.: GJH-20-1454 |
| * | |
| **SHUYUAN ZHANG** | |
| * | |
| Defendant. | |
| * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiffs Precigen, Inc. and PGEN Therapeutics, Inc., have brought this civil action against Defendant Shuyuan Zhang asserting breach of contract, breach of fiduciary duty, and violations of the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1832 *et seq.*, and the Maryland Uniform Trade Secrets Act ("MUTSA"), MD. CODE ANN., COM. LAW § 11-1201 *et seq.* ECF No. 1. Now pending before the Court is Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 7. In light of ongoing social distancing measures being taken in light of the COVID-19 pandemic, a virtual hearing was held on June 8, 2020. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Plaintiffs' Motion is granted and a Temporary Restraining Order ("TRO") shall issue.

I.   **FACTUAL BACKGROUND**

According to the Complaint, Precigen is a dedicated discovery and clinical stage biopharmaceutical company that holds a variety of health care assets, including its wholly-owned subsidiary PGEN Therapeutics, Inc. ECF No. 1 ¶ 1. Zhang was a high-level director at Precigen and gained intimate knowledge and familiarity with many of Precigen's most sensitive research

and development programs. *Id*. As a condition of his employment, Zhang executed a Confidentiality and Proprietary Rights Agreement (the "Agreement") on June 16, 2011. *Id*. ¶ 2. Pursuant to the agreement, Zhang agreed not to disclose Precigen's trade secret and confidential information, to refrain from using such information to benefit himself or a third party, and to refrain from accepting employment with a direct competitor for one year after departing Precigen. *Id*.

Precigen alleges that it has learned that Zhang previously collaborated with Sibiono, a competitor located in China. Specifically, it is alleged that, while employed by Precigen, Zhang permitted himself to be named on three international patent applications directed to subject matter that overlaps with research being done by Precigen. *Id*. ¶ 3.

On May 1, 2020, Zhang gave two-weeks' notice that he was leaving Precigen and that he had accepted employment with Arcellx, Inc., a company he asserted was not a competitor of Precigen. *Id*. ¶ 5. During his exit interview, when asked about the Sibiono patent applications, Zhang hesitated and then denied knowledge of the applications. *Id*. Two days later, Zhang called his former supervisor and acknowledged that he was aware of the patent applications and that he was the same individual named on those applications. *Id*. ¶ 6.

Precigen has since discovered that one of the Sibiono-filed applications contains a unique image of a protein blot identical to one Precigen prepared as part of a confidential, non-public application to the U.S. Food and Drug Administration weeks before Sibiono filed its patent applications. *Id*. ¶ 7. A forensic review of Zhang's company-issued electronic devices also indicates that Zhang, without authorization, reset his iPhone back to factory settings before returning it to Precigen, removing all data and making it impossible to determine whether the device had been used to engage in any misappropriation of trade secret and confidential

information. *Id.* ¶ 8. Moreover, according to Precigen, a review it conducted of Arcellx's business indicates that it does in fact compete with Precigen. *Id.* ¶ 9.

     A follow-up interview with Zhang in June only led to additional concerns amid what Precigen deemed to be evasive and incomplete answers and the retrieval of a second laptop, which was not previously provided, that was also configured in such a way as to make it difficult to scrutinize how Zhang treated Precigen's trade secret and confidential information. *Id.* ¶ 10. A deleted files report, submitted at the conclusion of the hearing, indicates that the deletion of files took place as a Precigen employee waited for Zhang to retrieve the laptop. ECF No. 17 at 2. The report also identifies specific documents that were confidential to Precigen and that Precigen asserts are relevant to work done by Arcellx. *Id*. Additionally, there are indications that Zhang attempted to transfer certain files after his employment with Precigen had ended and he was set to begin work with Arcellx. *Id*. at 3.

     Zhang attempts to contradict or explain Precigen's allegations in a declaration attached to his opposition. ECF No. 14-1. Regarding Sibiono, Zhang claims that he did not view it as a competitor of Precigen and that at the time of his exit interview he was truthful when he denied knowledge of the patent applications because he was unaware they had been filed and he had not provided authorization for his name to be used. *Id*. ¶¶ 18–19. He also claims the patent applications had no relevance to his work with Precigen, *id*. ¶ 21, and that the image he shared was publicly available, *id*. ¶ 22. Regarding Arcellx, he also alleges that they are not a competitor of Precigen and that his work with Precigen will have no bearing on his work with Arcellx. *Id*. ¶ 13. Finally, he asserts that he reset his electronic devices before returning them to Precigen because they contained personal information and he had not been instructed to preserve the data on his phone. *Id*. ¶ 25.

## II.     DISCUSSION

In order to obtain a temporary restraining order, Plaintiffs must demonstrate that (1) they are likely to succeed on the merits, (2) they are likely to suffer irreparable harm absent preliminary relief, (3) the balance of equities tips in their favor, and (4) an injunction is in the public interest. *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013). Given the exigent nature of the pending motion, and the likelihood that the Court will again review this matter on a fuller record at the preliminary injunction stage, the Court only briefly assesses each requirement.

Plaintiffs are likely to succeed, at least, on their federal and state trade secret claims. The DTSA defines misappropriation to include when a person discloses the trade secret of another without express or implied consent and had acquired the trade secret under circumstances giving rise to a duty to maintain the secrecy of the trade secret. 18 U.S.C. § 1839(5)(B). Here, Plaintiff has already produced evidence that Defendant provided confidential information to one competitor, Sibiono, and has produced additional evidence that, having accepted a position with another competitor, Arcellx, Defendant took steps that would allow him to transfer confidential information to that second competitor. At this stage, the Court finds that to be a sufficient showing that Plaintiffs are likely to succeed on their trade secret claims.

Regarding irreparable harm, as Plaintiff has argued, "a trade secret once lost is, of course, lost forever." *FMC Corp. v. Taiwan Tainan Giant Indus. Co.*, 730 F.2d 61, 63–64 (2d Cir. 1984). That is to say, no amount of money damages would allow the recovery of Plaintiffs' trade secret information once Defendant is able to reveal that information to his new employer as he has previously done with Sibiono.

The Court has also given significant thought to the balance of the equities. On the one hand, Defendant is an individual who needs to work to support his family and Plaintiffs'

requested injunction would, to some degree at least, prevent him from doing that. However, it is Defendant's own deceptive and suspicious behavior that has caused this to be necessary. On the record as it currently stands, it appears that Defendant has left Plaintiffs with no recourse other than to seek this Order in order to protect its trade secrets from disclosure. For much the same reason, a temporary restraining order is in the public interest.

### III.  CONCLUSION

Having found all four requirements met, the Court therefore determines that a temporary restraining order is appropriate.

IT IS HEREBY ORDERED, by the United States District Court for the District of Maryland that Plaintiffs' Motion for Temporary Restraining Order is **GRANTED**;

IT IS FURTHER ORDERED, that Defendant Shuyuan Zhang, and all those in active participation or concert, is enjoined until expiration of this Temporary Restraining Order or further order of the Court, from:

(a) Directly or indirectly, using (for himself or another) or disclosing any non-public confidential business information or trade secrets of Plaintiffs;

(b) Directly or indirectly (whether as an employee, consultant, or otherwise), engaging in or contributing his knowledge to, any work or activity for Arcellx, Inc., or its subsidiaries, parents or affiliates;

(c) Directly or indirectly (whether as an employee, consultant, or otherwise), engaging in, or contributing his knowledge to, any work or activity for Sinosheng (Shenzhen) Gene Industry Development Co. (d/b/a "Sibiono"), or its subsidiaries, parents, or affiliates; and

(d) Breaching his restrictive covenants contained in the parties' Confidentiality and Proprietary Rights Agreement, executed on June 16, 2011.

IT IS FURTHER ORDERED that Defendant and any persons or entities in active concert or participation with him who receive notice of this Order, whether acting directly or through any corporation, are hereby temporarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any document (including, but not limited to, all documents residing or otherwise available through an electronic date host) that relate to his employment by Precigen, Precigen's confidential and/or trade secret information, or any document or electronically stored information belonging to or received from Precigen.

IT IS FURTHER ORDERED that Defendant Shuyuan Zhang shall, within 24 hours of entry of this Order produce, for bit-by-bit imaging by a forensic ESI consultant retained by Plaintiffs, all computers, cellular telephones, hard drives, removable storage media, compact disks, physical or cloud-based servers, email accounts, or any other medium in his possession, custody, or control that contains, or has ever contained or been used to transmit or store, electronically stored information related in any way to his employment with Precigen, or Precigen's confidential and/or trade information.

Plaintiff's ESI consultant shall use an industry standard collection method to forensically preserve the foregoing ESI stores in their entirety. The collection process shall include "active user and residual files" and "deleted files." All directories and folders shall be included within the collection criteria. The ESI consultant shall retain a copy of all extracted data but shall not disclose that data to anyone, including Precigen, without further order of the Court.

IT IS FURTHER ORDERED that Defendant Shuyuan Zhang, and all persons acting in concert with or participating with him, shall, until the conclusion of the hearing on Precigen's Motion for Preliminary Injunction, or until further Order of this Court, provide Precigen with written notice of any other employment or engagement for compensation at least 7 days prior to starting that new employment or engagement.

IT IS FURTHER ORDERED that this Temporary Restraining Order shall remain in full force and effect until the 23rd day of June 2020, at 10:30am, unless extended for a longer time by consent or for good cause shown.

IT IS FURTHER ORDERED that Defendant shall, within 24 hours of this Order, submit any request it may have for a bond. Plaintiffs shall have 24 hours from submission to submit any opposition to the request.

Date: <u>June       9,  2020 at 10:30am</u>         <u>/s/                                              </u>
                                                  GEORGE J. HAZEL
                                                  United States District Judge